UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| **Mitchell Galloway,** on behalf of himself and all other persons similarly situated, known and unknown,<br><br>Plaintiff,<br><br>vs.<br><br>**Fieldhouse Brewing Company, LLC** d/b/a "FH Beerworks"<br><br>Defendant. | No.<br><br>**CLASS & COLLECTIVE ACTION COMPLAINT**<br><br>**JURY DEMANDED** |

Plaintiff, Mitchell Galloway ("Plaintiff"), on behalf of himself and all other persons similarly situated who are current or former servers and bartenders of Defendant, and by and through the undersigned attorney(s), sue the Defendant, Fieldhouse Brewing Company, LLC ("Defendant" or "FH Beerworks") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* for Defendant's failure to pay Plaintiff and other similarly-situated employees all earned minimum wages.

2. This lawsuit also arises under the Colorado Minimum Wage Act ("CMWA") and its implementing regulations, the Colorado Overtime and Minimum Pay Standards Order ("COMPS Order") for Defendant's failure to pay Plaintiff and other similarly-situated employees all earned minimum and overtime wages.

3. Plaintiff brings this action on behalf of himself and all similarly-situated current and former servers of Defendant who were compensated at a rate of less than the applicable minimum wage on account of receiving tips in a given workweek.

1

4. Plaintiff brings a collective action under the FLSA to recover the unpaid minimum wages and overtime owed to them individually and on behalf of all other similarly-situated servers and bartenders, current and former, of Defendant. Members of the Collective Action are referred to as the "Collective Members."

5. Additionally, Defendant's failure to compensate Plaintiff and all other non-exempt servers and bartenders at a rate equal to Colorado's required minimum wage violates the CMWA and the COMPS Order. Plaintiff, therefore, brings a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid wages and other damages owed under Colordao wage laws. Members of the Rule 23 Class Action are referred to as the "Class Members."

6. The Collective Members are all current and former servers and bartenders who were employed by Defendant at any time starting three years before this Complaint was filed, up to the present.

7. The Class Members are all current and former servers and/or bartenders who were employed by Defendant in Colordao at any time starting six years before this Complaint was filed, up to the present.

8. Defendant owns and operates FH Beerworks, a brewpub, which is the subject of this lawsuit.

9. Defendant has a policy or practice of paying its employee servers sub-minimum hourly wages under the tip-credit provisions of the FLSA.

10. According to the Department of Labor's ("DOL") Fact Sheet #15, in order to claim a tip credit, the employer must comply with five strict notification requirements.

11. First, the employer must notify the employee of the amount of the cash wage the employer is paying the tipped employee.

12. Second, the employer must notify the tipped employee of the amount the employer is claiming as a tip credit.

13. Third, the employer must inform the tipped employee that the tip credit claimed cannot exceed the actual amount of tips received by the employee. In effect, the employer must inform the employee that the employee must still earn the mandated minimum wage between the amount of the tip credit taken by the employer and the amount of tips earned by the employee.

14. Fourth, the employer must notify the tipped employee that all tips received are to be retained by the employee except for a valid tip pooling arrangement.

15. Finally, the tipped employee must be informed by the employer that the tip credit will not apply unless the employee has been informed of these provisions.

16. An employer bears the burden of showing that it has satisfied all of the notification requirements before any tips can be credited against the employee's hourly wage. If an employer cannot demonstrate its compliance with this notification requirement, no credit can be taken and the employer is liable for the full minimum wage.

17. Under Colorado law, "[w]henever employers are subjected to Colorado law as well as federal and/or local law, the law providing greater protection or setting the higher standard shall apply." *See* COMPS Order § 8.6.

18. Colorado law further provides that an employer who does not comply with the law's notice requirements "shall be ineligible for any employee-specific credits, deductions, or exemptions in the COMPS Order." *See* COMPS Order at § 7.4.1.

19. Defendant violated the FLSA and Colorado law by failing to inform Plaintiff, the Collective Members and the Class Members of the amount of cash wage that Defendant would be paying them prior to taking the tip credit.

20. Defendant violated the FLSA and Colorado law by failing to inform Plaintiff, the Collective Members and the Class Members of the amount that Defendant would be claiming as a tip credit prior to taking the tip credit.

21. Defendant violated the FLSA and Colorado law by failing to inform Plaintiff, the Collective Members and the Class Members that they must still earn the mandated minimum wage between the amount of the tip credit taken by the employer and the amount of tips earned by the employee prior to taking the tip credit against Plaintiff's, the Collective Members' and the Class Members' wages.

22. Defendant violated the FLSA and Colorado law by failing to inform Plaintiff, the Collective Members and the Class Members that all tips received are to be retained by the employee except for a valid tip pooling arrangement prior to taking the tip credit against Plaintiff's, the Collective Members' and the Class Members' wages.

23. Both the FLSA and Colorado law prohibit any tip pool wherein managers or employees who do not customarily and regularly receive tips.

24. Defendant violated the FLSA and Colorado law by subjecting Plaintiff, the Collective Members and the Class Members to a tip pool wherein managers and other employees who do not customarily and regularly receive tips shared in the same. *See* 29 U.S.C. § 203(m)(2)(B); COMPS Order § 1.10(B).

25. For example, Defendant's General Manager, Seth Depooter ("Depooter"), shares in the tip pool. Depooter supervises Plaintiff, the Collective Members, and the Class Members. Depoorter creates the schedules for Plaintiff, the Collective Members and the Class Members. Depooter had the authority, and exercised the same, in hiring and/or firing Plaintiff, the Collective

Members and the Class Members. As such, Depooter is legally prohibited from sharing in the tip pool but nevertheless shares in the same.

26. For further example, Defendant's Bar Manager, Chris Sevier ("Sevier"), also shares in the tip pool. Sevier supervises Plaintiff, the Collective Members and the Class Members. Sevier is responsible for the day-to-management and operations of Defendant's bar. His duties include managing the bar inventory, curating the bar menu, procuring Defendant's alcoholic offerings, and establishing and maintaining relationships with Defendant's vendors. As such, Sevier is legally prohibited from sharing in the tip pool but nevertheless shares in the same.

27. For further example, Plaintiff, the Collective Members and the Class Members are required to share tips with food truck "1231 Craft Kitchen" which in an entity that is independent and separate from Defendant. The employees of 1231 Craft Kitchen are legally prohibited from being included in Defendant's tip pool, but the nevertheless share in the same.

28. Colorado law requires that employees be given a compensated 10-minute rest break for every four hours worked and an uninterrupted meal break of at least 30-minutes for every five hours worked.

29. Defendant violated Colorado law by failing to provide Plaintiff and the Class Members with a compensated 10-minute rest break for every four hours worked and an uninterrupted meal break of at least 30-minutes for every five hours worked.

## JURISDICTION AND VENUE

30. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

31. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

32. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff, the Collective Members, and the Class Members occurred within the District of Colorado, and Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

33. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

34. Plaintiff individual residing in Colorado Springs, Colorado, and has been a bartender of Defendant since approximately May 1, 2022.

35. Defendant owns and operates the brewpub known as "FH Beerworks" located at 2490 N Powers, Frontage Rd, Colorado Springs, CO 80915.

36. At all material times, Plaintiff was paid by Defendant as a tipped employee under the FLSA and Colorado law.

37. At all material times, Plaintiff was an employee of Defendant as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1) and Colorado law.

38. Plaintiff has given his written consent to be a Representative Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is appended hereto as Exhibit A.

39. Defendant is Plaintiff's "employer," as defined by the FLSA. 29 U.S.C. § 203(d) and Colorado law.

40. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. Colorado law adopts this definition. At all relevant times, Defendant had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' employment with Defendant. Having acted in the interest of FH Beerworks in relation to the company's employees, including Plaintiff, Defendant is subject to liability under the FLSA.

## STATEMENT OF FACTS

41. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

42. Plaintiff and the Collective Members, in their work for Defendant, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

43. Defendant paid Plaintiff, the Collective Members, and the Class Members a sub-minimum wage, ostensibly according to the tip-credit provisions of the FLSA and Colorado law, which allow an employer to pay an hourly wage less than the statutory minimum wage, provided that the employer complies with the requirements of the tip-credit provisions of 29 U.S.C. § 203(m).

44. Defendant violated the FLSA and Colorado law by failing to inform Plaintiff, the Collective Members, and the Class Members of the amount of cash wage that Defendant would be paying them prior to taking the tip credit.

45. Defendant violated the FLSA and Colorado law by failing to inform Plaintiff, the Collective Members, and the Class Members of the amount that Defendant would be claiming as a tip credit prior to taking the tip credit.

46. Defendant violated the FLSA and Colorado law by failing to inform Plaintiff, the Collective Members, and the Class Members that they must still earn the mandated minimum wage between the amount of the tip credit taken by the employer and the amount of tips earned by the employee prior to taking the tip credit against Plaintiff's, the Collective Members' and the Class Members' wages.

47. Defendant violated the FLSA and Colorado law by failing to inform Plaintiff, the Collective Members, and the Class Members that notify that all tips received are to be retained by the employee except for a valid tip pooling arrangement prior to taking the tip credit against Plaintiff's, the Collective Members' and the Class Members' wages.

48. Defendant violated the FLSA and Colorado law by subjecting Plaintiff, the Collective Members and the Class Members to a tip pool wherein managers and other employees who do not customarily and regularly receive tips shared in the same.

49. For example, Defendant's General Manager, Seth Depooter ("Depooter"), shares in the tip pool. Depooter supervises Plaintiff, the Collective Members, and the Class Members. Depoorter creates the schedules for Plaintiff, the Collective Members and the Class Members. Depooter had the authority, and exercised the same, in hiring and/or firing Plaintiff, the Collective Members and the Class Members. As such, Depooter is legally prohibited from sharing in the tip pool but nevertheless shares in the same.

50. For further example, Defendant's Bar Manager, Chris Sevier ("Sevier"), also shares in the tip pool. Sevier supervises Plaintiff, the Collective Members and the Class Members. Sevier is responsible for the day-to-management and operations of Defendant's bar. His duties include managing the bar inventory, curating the bar menu, procuring Defendant's alcoholic offerings, and

establishing and maintaining relationships with Defendant's vendors. As such, Sevier is legally prohibited from sharing in the tip pool but nevertheless shares in the same.

51. For further example, Plaintiff, the Collective Members and the Class Members are required to share tips with food truck "1231 Craft Kitchen" which in an entity that is independent and separate from Defendant. The employees of 1231 Craft Kitchen are legally prohibited from being included in Defendant's tip pool, but the nevertheless share in the same.

52. Defendant violated Colorado law by failing to provide Plaintiff and the Class Members with a compensated 10-minute rest break for every four hours worked and an uninterrupted meal break of at least 30-minutes for every five hours worked.

## FLSA COLLECTIVE ACTION ALLEGATIONS

53. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

54. Plaintiff brings the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

55. Plaintiff assert those claims on behalf of herself, and on behalf of all similarly situated tipped employees employed by Defendant, who were not paid all compensation required by the FLSA during the relevant time period as a result of Defendant's compensation policies and practices.

56. Plaintiff seeks to notify the following employees of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **All individuals who worked at any time during the past three years for Defendant in the job position of server or bartender and who were paid for their work on an hourly basis subject to a tip credit provisions (*i.e.* an hourly rate less than the applicable minimum wage, excluding tips).**

57. The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act. 29 U.S.C. § 255. As alleged above, Plaintiff and similarly situated employees' claims arise out of Defendant's willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this action be given to all tipped employees employed by Defendant within three years from the filing of this Complaint.

58. Upon information and belief, Defendant has employed hundreds of tipped employees during the period relevant to this action.

59. The identities of these employees, as a group, are known only to Defendant. Because the numerous members of this collective action are unknown to Plaintiff, joinder of each member is not practicable.

60. Because these similarly situated tipped employees are readily identifiable by Defendant and may be located through their records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

61. Collective adjudication is appropriate in this case because the tipped employees whom Plaintiff wishes to notify of this action have been employed in positions similar to Plaintiff; have performed work similar to Plaintiff; and have been subject to compensation practices similar to those to which Plaintiff has been subjected, including unlawful payment of sub-minimum wages for non-tipped work and unlawful application of the FLSA's tip credit provisions.

## **COLORADO CLASS ACTION ALLEGATIONS**

62. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63. Plaintiff brings his Colorado wage claims as a Rule 23 class action on behalf of the following Class Members:

> **The Class Members are all of Defendant's current and former servers and bartenders who worked in Colorado and were paid an hourly rate of less than the Colorado minimum wage on account of their receiving tips, starting six years before this lawsuit was filed up to the present.**

64. <u>Numerosity</u>. The number of Class Members is believed to be over one hundred. This volume makes bringing the claims of each individual Class Member before this Court impracticable. Likewise, joining each individual Class Member as a plaintiff in this action is impracticable. Furthermore, the identity of the Class Members will be determined from Defendant's records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class Members and Defendant.

65. <u>Typicality</u>. Plaintiff's claims are typical of the Class Members because like the Class Members, Plaintiff was subject to Defendant's uniform policies and practices and was compensated in the same manner as the other Class Members. Defendant regularly failed to compensate Plaintiff and the Class Members the proper minimum wage.

66. <u>Adequacy</u>. Plaintiff is a representative party who will fairly and adequately protect the interests of the Class Members because it is in her interest to effectively prosecute the claims in this Complaint in order to obtain the unpaid wages and penalties required under Ohio law. Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation. Plaintiff does not have any interest that may be contrary to or in conflict with the claims of the Class Members she seeks to represent.

67. <u>Commonality</u>. Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact include, but are not limited to:

a. Whether Defendant gave proper tip credit notice to the Class Members;

b. Whether Defendant subjected the Class Members to an illegal tip pool; and

c. Whether Defendant provided Plaintiff and the Class Members all legally required meal and rest breaks.

68. Common issues of law include, but are not limited to:

a. Whether Defendant properly paid all minimum wages due and owing to Plaintiff and the Class Members;

b. Whether Defendant was entitled to impose a tip credit on the wages of Plaintiff and the Class Members;

c. Whether Plaintiff and the Class Members are entitled to compensatory damages; and

d. The proper measure of damages sustained by Plaintiff and the Class Members.

69. <u>Superiority</u>. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any of the Class Members could afford to pursue individual litigation against companies the size of Defendant, doing so would unduly burden the system. Individual litigation would magnify the delay and expense to all parties and burden the court system with duplicative lawsuits. Prosecution of separate actions by individual Class Members would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendant.

70. A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court and Judge. By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Class Members are promoted.

Additionally, class treatment in this matter will provide for judicial consistency. The identities of the Class Members are readily identifiable from Defendant's records.

71. This type of case is well-suited for class action treatment because: (1) Defendant's practices, policies, and/or procedures were uniform; (2) the burden is on Defendant to prove it properly compensated its employees; (3) the burden is on Defendant to accurately record hours worked by employees; and (4) the burden is on Defendant to prove it properly imposed the tip credit upon its employees.

72. Ultimately, a class action is a superior forum to resolve the Ohio state law claims set forth in this Complaint because of the common nucleus of operative facts centered on the continued failure of Defendant to pay Plaintiff and the Class Members according to applicable Ohio laws.

## **COUNT ONE: VIOLATION OF THE FLSA**

73. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

74. Defendant violated the FLSA by failing to inform Plaintiff and the Collective Members that Defendant would be paying them at least $2.13 per hour prior to taking the tip credit.

75. Defendant violated the FLSA by failing to inform Plaintiff and the Collective Members that Defendant would be claiming a tip credit not to exceed $5.12 per hour prior to taking the tip credit.

76. Defendant violated the FLSA by failing to inform Plaintiff and the Collective Members that they must still earn at least $7.25 per hour between the amount of the tip credit taken by Defendant and the amount of tips earned by the employee prior to taking the tip credit against Plaintiff's and the Collective Members' wages.

77. Defendant violated the FLSA by failing to inform Plaintiff and the Collective Members that all tips received are to be retained by the employee except for a valid tip pooling arrangement prior to taking the tip credit against Plaintiff's and the Collective Members' wages.

78. The FLSA provides that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." Id.; 29 U.S.C. § 203(m)(2)(B).

79. Defendant violated the FLSA by subjecting Plaintiff and the Collective Members to a tip pool wherein managers and other employees who do not customarily and regularly receive tips shared in the same. *See* 29 U.S.C. § 203(m)(2)(B).

80. For example, Defendant's General Manager, Seth Depooter ("Depooter"), shares in the tip pool. Depooter supervises Plaintiff and the Collective Members,. Depoorter creates the schedules for Plaintiff and the Collective Members. Depooter had the authority, and exercised the same, in hiring and/or firing Plaintiff and the Collective Members. As such, Depooter is legally prohibited from sharing in the tip pool but nevertheless shares in the same.

81. For further example, Defendant's Bar Manager, Chris Sevier ("Sevier"), also shares in the tip pool. Sevier supervises Plaintiff and the Collective Members. Sevier is responsible for the day-to-management and operations of Defendant's bar. His duties include managing the bar inventory, curating the bar menu, procuring Defendant's alcoholic offerings, and establishing and maintaining relationships with Defendant's vendors. As such, Sevier is legally prohibited from sharing in the tip pool but nevertheless shares in the same.

82. For further example, Plaintiff and the Collective Members are required to share tips with food truck "1231 Craft Kitchen" which in an entity that is independent and separate from

Defendant. The employees of 1231 Craft Kitchen are legally prohibited from being included in Defendant's tip pool, but the nevertheless share in the same.

83. Defendant knew that – or acted with reckless disregard as to whether – its tip pool would violate federal law, and Defendant was aware of the FLSA's minimum wage requirements during Plaintiff's and the Collective Members' employment with Defendant. As such, Defendant's conduct constitutes a willful violation of the FLSA.

**WHEREFORE**, Plaintiff, Mitchell Galloway, on behalf of himself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Collective Members' favor, and against Defendant for compensation for unpaid overtime wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT TWO: VIOLATION OF COLORADO LAW

84. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

85. Under Colorado law, "[w]henever employers are subjected to Colorado law as well as federal and/or local law, the law providing greater protection or setting the higher standard shall apply." *See* COMPS Order at § 8.6.

86. Colorado law further provides that an employer who does not comply with the law's notice requirements "shall be ineligible for any employee-specific credits, deductions, or exemptions in the COMPS Order." *See* COMPS Order at § 7.4.1.

87. Colorado law further provides that "[e]mployers shall be deemed noncompliant if they attempt to minimize the effect of posters or notices required by statute or these Rules, such

as by communicating positions contrary to, or discouraging the exercise of rights covered in, the required poster or notice."

88. Defendant violated Colorado law by failing to provide proper notice of its taking of tip credit against Plaintiffs' and the Class Members' wages.

89. For example, for the calendar year 2024, Defendant did not inform Plaintiff and the Class Members that Defendant would be paying them at least $11.40 per hour prior to taking the tip credit, Defendant did not inform Plaintiff and the Class Members that Defendant would be claiming a tip credit not to exceed $3.02 per hour prior to taking the tip credit, Defendant did not inform Plaintiff and the Class Members that they must still earn at least $14.42 per hour between the amount of the tip credit taken by Defendant and the amount of tips earned by the employee prior to taking the tip credit against Plaintiff's and the Class Members' wages, and Defendant did not inform Plaintiff and the Class Members that all tips received are to be retained by the employee except for a valid tip pooling arrangement prior to taking the tip credit against Plaintiff's and the Class Members' wages.

90. Colorado law provides "[e]mployer-required sharing of tips with management, or with employees who do not have such duties, or deduction of credit card processing fees from tipped employees, shall nullify allowable tip credits towards the minimum wage." COMPS Order § 1.10(B).

91. Defendant violated Colorado law by subjecting Plaintiff and the Class Members to a tip pool wherein management and employees who do not regularly and customarily perform tipped customer service duties shared in the same.

92. For example, Defendant's General Manager, Seth Depooter ("Depooter"), shares in the tip pool. Depooter supervises Plaintiff and the Class Members. Depoorter creates the

schedules for Plaintiff and the Class Members. Depooter had the authority, and exercised the same, in hiring and/or firing Plaintiff and the Class Members. As such, Depooter is legally prohibited from sharing in the tip pool but nevertheless shares in the same.

93. For further example, Defendant's Bar Manager, Chris Sevier ("Sevier"), also shares in the tip pool. Sevier supervises Plaintiff and the Class Members. Sevier is responsible for the day-to-management and operations of Defendant's bar. His duties include managing the bar inventory, curating the bar menu, procuring Defendant's alcoholic offerings, and establishing and maintaining relationships with Defendant's vendors. As such, Sevier is legally prohibited from sharing in the tip pool but nevertheless shares in the same.

94. For further example, Plaintiff and the Class Members are required to share tips with food truck "1231 Craft Kitchen" which in an entity that is independent and separate from Defendant. The employees of 1231 Craft Kitchen are legally prohibited from being included in Defendant's tip pool, but the nevertheless share in the same.

95. Colorado law requires that employees be given a compensated 10-minute rest break for every four hours worked and an uninterrupted meal break of at least 30-minutes for every five hours worked.

96. Defendant violated Colorado law by failing to provide Plaintiff and the Class Members with a compensated 10-minute rest break for every four hours worked and an uninterrupted meal break of at least 30-minutes for every five hours worked.

**WHEREFORE**, Plaintiff, Mitchell Galloway, on behalf of himself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's and the Class Members' favor, and against Defendant for compensation for all unpaid minimum and overtime wages, plus statutory damages, prejudgment and post-judgment interest, reasonable attorneys'

fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this March 27, 2024.

SIMON LAW CO.

By: /s/ *James L. Simon*
James L. Simon (OH No. 0089483)
11 ½ N. Franklin Street
Chagrin Falls, Ohio 44022
Telephone: (216) 816-8696
Email: james@simonsayspay.com

## **JURY DEMAND**

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/     *James L. Simon*